NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES LEAK, | Hon. Dennis M. Cavanaugh |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 2:12-6047 (DMC) |
| WARDEN, EJSP, ATTORNEY GENERAL, STATE OF NEW JERSEY | |
| Respondents. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Petition by James Leak ("Petitioner") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**.

I. BACKGROUND[1]

On April 7, 1994, in connection with the May 12, 1998 shooting and death of Antoine Phillips, Petitioner was convicted of i) two counts of first degree murder; ii) one count of count of conspiracy to commit first degree murder; iii) one count of possession of a weapon for an

---

[1] The facts set forth in this Opinion are taken from the statements in the parties' respective papers.

unlawful purpose in the second degree; and iv) one count of possession of a weapon in the third degree. At trial, Petitioner was represented by Joseph W. Spagnoli, Esquire.

On July 8, 1994, Petitioner was sentenced to the following terms: count one – committed to the custody of the Commissioner of the Department of Corrections for the remainder of his life with a thirty year parole disqualifier; count two – merged with count one; count three – merged with count one; count four – merged with count five; count five - committed to the custody of the Commissioner of the Department of Corrections for the remainder of his life with a two and one half year parole disqualifier. The Appellate Division affirmed Petitioner's sentence on January 23, 1996. The New Jersey Supreme Court denied certification on April 2, 1996.

Petitioner subsequently filed a *pro se* petition for post-conviction relief ("PCR"). Counsel was then appointed, and a brief was filed on March 22, 1999. On October 22, 1999, oral argument on the PCR petition was held before Judge Edward Alley. On December 21, 1999, Petitioner's PCR petition was denied. The Appellate Division affirmed on January 6, 2003, and the New Jersey Supreme Court denied certification on June 5, 2003. On November 10, 2005, Petitioner filed a motion for a new trial based on newly discovered evidence. This motion was denied on January 30, 2006. The Appellate Division subsequently affirmed, and the New Jersey Supreme Court denied certification. Petitioner then filed a second PCR petition. This petition was denied by the Superior Court Law Division. The Appellate Division affirmed, and on September 9, 2011, the New Jersey Supreme Court denied certification.

On September 26, 2012, Petitioner filed the instant Petition for a writ of *habeas corpus*

("Pet.," ECF No. 1). The Government filed an Opposition on February 8, 2013 (ECF No. 10). Petitioner filed a Response on February 13, 2013 (ECF No. 11).

## II. **STANDARD OF REVIEW**

The procedural rules governing 28 U.S.C. § 2255 provide that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." 28 U.S.C. § 2255 Rule 12. Rule 12 allows the Court to apply Fed. R. Civ. P. 12(b)(6) to Petitioner's petition in accordance with the Government's motion. See Fadayiro v. United States, 30 F. Supp. 2d 772 (D.N.J. 1998) (summarily dismissing a Section 2255 petition because it was time barred).

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). While under the liberal notice pleading standards a party is not required to plead facts sufficient to prove its case, there still must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir 2004). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

## III. DISCUSSION

The Government asserts, among other things, that the instant Petition is time barred. 28 U.S.C. § 2244(d) states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, pursuant to the applicable statute of limitations provision, evaluating the timeliness of the instant petition first requires a determination of when petitioner's state court judgment became final. The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S.Ct. 641, 653–54 (2012). Here, Petitioner's direct appeal became final on July 1, 1996, ninety days after the New Jersey Supreme Court denied his petition for certification. Petitioner did not file the instant Petition until September 2012, over fifteen years after the time limit set

forth in 28 U.S.C. § 2244(d). Thus, the instant Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 130 S.Ct. 2549, 2562 (2010). Petitioner claims that the statute of limitations should be tolled due to his ability to establish actual innocence, pointing to authority from other circuits to support this proposition. However, although the Third Circuit has expressed its agreement that the AEDPA statute of limitations is subject to equitable tolling, it has "yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." Horning v. Lavan, 197 F. App'x 90, 93 (3d Cir. 2006). Thus, to establish that equitable tolling applies, Petitioner must prove two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 131 S.Ct. at 2562. For example, in Holland, the Court found that an attorney's failure to file a timely *habeas* petition, even though he had many letters from his client asking him to do so and setting out the applicable legal rules, could be considered an extraordinary circumstance. Id. at 2564.

This Court finds that Petitioner has not met the burden set forth by Supreme Court in Holland, as he has made no showing that an extraordinary circumstance stood in his way of filing a timely *habeas* petition. In arguing that his Petition is timely, Petitioner only asserts that equitable tolling should apply due to a showing of actual innocence (See Pet. at 19-20 ("Turning to the case at hand, the old evidence plus the new evidence indicates that constitutional violations led to the conviction [of] Mr. Leak, who is innocent of the homicide for which he is serving a minimum 32-1/2 years in prison. As such, Mr. Leak's 2254 [Petition] is entitled to equitable

tolling.")). As discussed above, this is insufficient to toll the statute of limitations in courts within the Third Circuit. Because Petitioner has not set forth a single extraordinary circumstance as to why his Petition for a writ of *habeas corpus* was untimely, his Petition is therefore denied.

## IV. CONCLUSION

For the reasons stated above, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**. An appropriate Order accompanies this Opinion.

*[signature]*
Dennis M. Cavanaugh, U.S.D.J.

Date: December 30, 2013
Original: Clerk's Office
cc: All Counsel of Record
File